No. 22-16795

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

BRENT LINDSEY,

*Plaintiff-Appellee*,

v.

TRAVELERS COMMERCIAL INSURANCE COMPANY, ET AL.,

*Defendants-Appellants*.

On Appeal from the United States District Court
For the Eastern District of California
No. 2:19-cv-01855-KHM-CKD
Hon. Kimberly J. Mueller

_____

**APPELLEE'S ANSWERING BRIEF**

_____

**LIPELES LAW GROUP, APC**

Kevin A. Lipeles (Bar No. 244275) kevin@kallaw.com
Thomas H. Schelly (Bar No. 217285) thomas@kallaw.com
Andrew Magaline (Bar No. 290413) andrew@kallaw.com
880 Apollo Street, Suite 336
El Segundo, California 90245
Telephone: (310) 322-2211
Fax: (310) 322-2252

*Attorneys for Plaintiff-Appellee, Brent Lindsey*

## DISCLOSURE STATEMENT

Plaintiff-Appellee is an individual. Appellant The Travelers Indemnity Company is a corporation. Plaintiff-Appellee refers to Appellants' Disclosure Statement for the relevant information as to Appellants.

Dated:  June 9, 2023                    **LIPELES LAW GROUP, APC**

By:_/s/ Andrew T. Magaline_____
Kevin A. Lipeles
Thomas H. Schelly
Andrew T. Magaline

*Attorneys for Plaintiff-Appellee*
*Brent Lindsey*

# TABLE OF CONTENTS

**Page**

**DISCLOSURE STATEMENT** ................................................................. i

**TABLE OF AUTHORITIES** ............................................................... iii

**INTRODUCTION** ................................................................................ 1

**JURISDICTIONAL STATEMENT** .................................................... 3

**STATUTORY AUTHORITIES** .......................................................... 3

**ISSUE PRESENTED** .......................................................................... 3

**STATEMENT OF THE CASE** ........................................................... 4

I.   Underlying Facts ....................................................................... 4

II.  Procedural History and Discovery ......................................... 6

    A. Complaint ............................................................................ 6

    B. Lindsey's Discovery in the Arbitration and Motions to Compel ................. 6

    C. Summary Judgment ........................................................... 8

    D. Arbitrator's Award for Appellants; Lindsey's Petition to Vacate Award .... 9

**SUMMARY OF THE ARGUMENT** ................................................. 10

**STANDARD OF REVIEW** ............................................................... 11

**ARGUMENT** ..................................................................................... 12

I.   The Arbitration Was Procedurally Unfair ........................... 12

    A. Statutory Authority ......................................................... 12

    B. Excluding Discovery, Then Ruling on the Merits Based on that Exclusion, Violates Section 10(a)(3) ............................................... 13

    C. In the Instant Case, Because the Arbitrator Failed to Consider the Actual Pay Documents and Did Not Order Their Production, the Arbitrator's Finding of Lack of Evidence of Discrimination is Misconduct ............. 15

**CONCLUSION** .................................................................................. 21

# TABLE OF AUTHORITIES

## CASES

*Acryon Labs, Inc. v. Datron World Communications, Inc.*

   2020 U.S. Dist. LEXIS 37459, at *13-14 (S.D. Cal. Mar. 4, 2020)....................18

*Carpenters 46 N. Cal. Counties Conference Bd. v. Zcon Builders*,

   96 F.3d 410, 413 (9th Cir. 1996) ...........................................................11

*Fed. Deposit Ins. Corp. v. Air Fla Sys., Inc.*,

   822 F.2d 833, 842 (9th Cir. 1987) .........................................................11

*Gulf Coast Industries Workers Union v. Exxon Co. USA*,

   70 F.3d 847 (5th Cir. 1995) .................................................... 13, 18, 19

*Guz v. Bechtel Nat. Inc.*, 24 Cal.4th 317, 354 n. 20 (2000) .....................................21

*Hall Street Assocs., LLC v. Mattell, Inc.,* 552 U.S. 576, 582 (2008)......................12

*Hotels Condado Beach, LaConcha & Convention Center v. Union de Tronquistas Local 901*,

   763 F.2d 34 (1st Cir. 1984).............................................. 13, 14, 18, 19

*Jumaane v. City of Los Angeles* 241 Cal.App.4th 1390, 1404-05 (2005) ...............21

*Move, Inc. v. Citigroup Global Markets, Inc.*,

   840 F.3d 1152, 1158 (9th Cir. 2016) .....................................................11

*New Regency Prods., Inc. v. Nippon Herald Films, Inc.*,

   501 F.3d 1101, 1105 (9th Cir. 2007). ....................................................11

*Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004) ....11

*Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 730 (9th Cir. 2006)..........11

*Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16 (2nd Cir. 1997) .......... 13, 15, 18, 19

*U.S. Life Inc v. Superior Nat'l Ins. Co.,* 591 F.3d 1167, 1175 (9th Cir. 2010) ........12

*United Paperworkers Int'l Untion, AFL-CIO v. Misco, Inc.*,

   484 U.S. 29, 40 n. 10 (1987)...............................................................12

**STATUTES**

28 U.S.C. § 1291 ................................................................................................3

9 U.S.C. § 10 ........................................................................................... passim

9 U.S.C. § 11 ..............................................................................................14

9 U.S.C. § 16 ................................................................................................3

9 U.S.C. § 9 ..........................................................................................3, 14

Cal. Gov't Code § 12940(a) ...................................................................7

**RULES**

Fed. R. Civ. P. 26(b)(1) .........................................................................23

Fed. R. Civ. P. 30(b)(6) ...........................................................................1

# INTRODUCTION

Appellants seek to reverse the district court's order vacating an arbitration award in this race discrimination case where the district court found serious misconduct on the arbitrator's part in excluding discovery on the very issue upon which summary judgment was granted in Appellants' favor. Appellants cite to general rules regarding the high bar to vacate arbitration awards; however, the district court found that high bar was met and vacated the arbitration award.

Namely, in the underlying arbitration, Appellee Brent Lindsey ("Appellee" or "Lindsey"), an African American claims adjuster formerly employed by Appellant Travelers Indemnity Company, et al. ("Appellants" or "Travelers"), sued for various claims centering around Lindsey learning from other employees that Travelers compensated Caucasian claims adjusters at a significantly higher rate than Lindsey was paid. Lindsey sought Travelers' pay data of the 35 Caucasian claims adjusters Lindsey worked with in several discovery forms, including written document requests, interrogatories and document requests accompanying a corporation deposition pursuant to Fed. R. Civ. P. 30(b)(6); however, Appellant strongly objected and did not produce that information. Lindsey filed three motions to compel documents showing these comparative pay rates, all of which motions the arbitrator denied with the arbitrator finding Lindsey sought irrelevant information. Appellant filed a motion for summary judgment, which motion was

granted in Appellant's favor as to the relevant claim, the ninth claim for discrimination, because the arbitrator had denied Lindsey access to the documents showing comparative pay so Lindsey could not prove that claim.

Based on Lindsey's petition to the district court to vacate the arbitration award, the district court applied 9 U.S.C. § 10(a)(3), which permits a district court to vacate an award "where the arbitrators were guilty of misconduct … in refusing to hear evidence pertinent and material to the controversy." In doing so, the district court found that "the arbitrator denied Mr. Lindsey the very evidence he later faulted him for not producing. That decision rendered the proceedings fundamentally unfair." Appellants' Excerpts from Record, 6:20-21.

Appellants argue that this Court, in its de novo review, should reject that finding, and simply decide the case based on the general rules that arbitration awards should be confirmed, ignoring Section 10(a)(3) and the cases the district court relied upon. Appellants characterize the lack of evidence that forms the basis of the district court's order as a simple discovery dispute and a "run-of-the-mill discovery ruling", but the arbitrator's discovery rulings were anything but. The lack of evidence to support Lindsey's opposition to the summary judgment motion was the direct result of the arbitrator's act of denying Lindsey's three motions to compel. This Court too should find that is the very type of misconduct covered by Section 10(a)(3) and the cases relied upon by the district court – cases Appellants

do not address. Accordingly, this Court should affirm the district court's order vacating the arbitration award based on this procedural unfairness in preventing discovery of the very evidence Lindsey needed to effectively oppose summary judgment. As such, Lindsey requests this Court affirm the district court's order.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over this appeal pursuant to 9 U.S.C. § 16 and 28 U.S.C. § 1291.

The district court has jurisdiction pertaining to the petition to vacate the arbitration award pursuant to 9 U.S.C. §§ 9-11, relying on 9 U.S.C. § 10(a)(3) (permitting a district court to vacate an award "where the arbitrators were guilty of misconduct … in refusing to hear evidence pertinent and material to the controversy").

## STATUTORY AUTHORITIES

The text of the applicable statutes, namely 9 U.S.C. § 9-10, are included in Appellant's Opening Brief at pages 2-3.

## ISSUE PRESENTED

I. Whether arbitrator "refused to hear evidence pertinent and material to the controversy", supporting vacating the arbitration award pursuant to 9 U.S.C. § 10(a)(3).

## STATEMENT OF THE CASE

I.    <u>Underlying Facts</u>

From 2011 and over the next approximately eight years, Lindsey -- an
African American -- was employed by Appellants as a claims adjuster, working in
Appellants' Sacramento office and within Appellants' Northern California
property claims handling division. Lindsey served in the same division his entire
eight-year career there. During that time, Appellants paid Lindsey substantially
less than his Caucasian colleagues. Lindsey was routinely denied the raises he
sought. These denials occurred despite receiving stellar job performance reviews.
Appellee's Excerpt from Record, Vol. 2 ("2-ER") 424-434 [Performance
Evaluations 2015, 2016, 2017, internal Exhibits F, G, and H to the Kottke
Declaration supporting Petition to Vacate Award ("Kottke Decl.")].

Lindsey learned he was not being paid the same as Caucasian claims
adjusters. Every year when his performance review occurred, Lindsey would ask
for a merit raise. Routinely he was told he did not qualify. 2-ER 391-395
[Plaintiff's Response to Form Interrogatories, 5:22 – 6:6, attached as Exh. A to
Kottke Decl.]. Yet in communications with Caucasian adjusters, Lindsey learned
they *were* receiving such raises. 2-ER 391-395 [Plaintiff's Response to Form
Interrogatories, 5:16 – 6:2, attached as Exhibit A to Kottke Decl.]. Finally,
Lindsey's suspicions were confirmed in 2015 when he spoke Appellants'

employee Kristen Brimmer, who was the loss coordinator having access to all of the pay data for all of the adjusters in Lindsey's area. Ms. Brimmer told Lindsey he was being paid $60,000 while Caucasian adjusters with no more experience or production record were being paid $90,000 to $100,000 per year. 2-ER 391-395 [Plaintiff's Response to Form Interrogatories, 6:5-8, attached as Exh. A to Kottke Decl.].

Over eight years he received only five raises. 2-ER 436 [Workforce Summary Travelers 000396, Exh. I to Kottke Decl.]. Of those four were automatic when he was promoted from one job to another within the property section. 2-ER 437-440 [Job data detailing reason for each of Lindsey's raises, attached as Exh. J to Kottke Decl.]. Over *eight* years, Lindsey received only *one* merit raise. 2-ER 442 [Job Data 11/01/2017, attached as Exh. K to Kottke Decl.]. In contrast, a Caucasian worker, David Gosney, over *six* years, received *three* merit raises. 2-ER-444-448[Deposition of Gosney 34:10-24, attached as Exh. L to Kottke Decl.].

In his last full year working for Appellants, 2018, Lindsey's annual salary was $83,000. 2-ER 436 [Workforce Job Summary, attached as Exh. I to Kottke Decl.]. While this salary represented an improvement over seven years of working for Defendant, based on the above, Lindsey had reason to believe his Caucasian colleagues were making considerably more.

II. <u>Procedural History and Discovery</u>

A. <u>Complaint</u>

On August 5, 2019, Lindsey filed a complaint in California state court. Appellant's Record, 4:23-24 (order); 2-ER 396-403 (Exh. B to Kottke Decl. [excerpts of complaint]). The complaint included eleven claims under federal and state law. Relevant here is the ninth cause of action. In that claim, Lindsey alleged Appellants had denied him promotions and raises because of his race, which is African American. *Id.* Such claim was based on Cal. Gov't Code § 12940(a) of the California Fair Employment and Housing Act, which makes it unlawful for an employer to discriminate on the basis of race when setting compensation.

Appellants removed the case to federal district court then moved to compel arbitration, and the parties stipulated to dismiss the action and proceed with arbitration. Appellants' Record 5:4-6. The arbitrator was David G. Freeman, Appellants' Record, 5:8-9.

B. <u>Lindsey's Discovery in the Arbitration and Motions to Compel</u>

To support his ninth claim, Lindsey propounded discovery by means of document requests submitted with his deposition notice for Appellants' corporate representative. 2-ER 404-407 [Notice of Deposition of Travelers' Person Most Knowledgeable, internal p. 9, attached as Exh. C to Kottke Decl.]. The relevant document request read as follows:

**Request for Production No. 1: ALL DOCUMENTS**

**showing pay of other adjusters in [Lindsey's] department**

**during relevant periods of their employment with**

**[Appellants]."**

*Id.*

Appellants objected and refused to produce the records, and Lindsey moved to

compel production (a motion that ultimately was brought three times). 2-ER 469-

473 [Mot. Compel, at 2, attached as Exh. R to Kottke Decl.]. As to this first

motion, the arbitrator denied the motion, sustaining Appellants' objection to the

request, stating: "I find the requests are overbroad, unduly burdensome, and seek

documents on matters that are not relevant to the claims asserted." 2-ER 409

[Discovery Order 1, paragraph 6, attached as Exh. D to Kottke Decl.].

Lindsey moved for reconsideration, amending his request to limit it to the

year of 2018 and to have the names redacted. Lindsey noted this production would

apply to only 35 persons. 2-ER 448-450 [Kottke November 13, 2020 email, noting

page 2, last two paragraphs), attached as Exh. M to Kottke Decl.]. At a discovery

conference on November 16, 2020, the arbitrator declined to reconsider his earlier

ruling. 2-ER 451-453 [Email of David Freedman of January 8, 2021, attached as

Exh. N to Kottke Decl.].

Lindsey then attempted to obtain Appellant's salary data by means of Special Interrogatories and further a Request for Production. 2-ER 454-456 [Special Interrogatories, Set Two, attached as Exh. O to Kottke Decl.]; 2-ER 457-460 [Request for Production of Documents, Set Two, requesting W-2 documents of these employees, attached as Exh. P to Kottke Decl.].

On December 2, 2020, Appellants objected to the above Special Interrogatories, Set Two, and Request for Production, Set Two. 2-ER 461-468 [Appellee's Responses, containing objections, attached as Exh. Q to Kottke Decl.].

On December 21, 2020, Lindsey filed a motion to compel with the arbitrator. 2-ER 469-473 [Lindsey's motion to compel, attached as Exh. R to Kottke Decl.]. The arbitrator did not immediately rule on the motion. Instead, on December 23, 2023, the arbitrator ruled on Appellant's Motion for Summary Judgment, ruling in favor of Appellants. The arbitrator later ruled Lindsey's motions to compel were moot. 2-ER 476-489 [Case Management Order No. 5, attached as Exh. T to Kottke Decl.].

C.  Summary Judgment

Importantly, in the arbitrator's ruling granting Appellants' motion for summary judgment, the arbitrator stated as to Lindsey's ninth claim "his evidence does not … show any facts to support his allegations that race was ever a factor in his compensation." Appellants' Record 5:24-25. 2-ER 476-489 [Ruling on Motion

for Summary Judgement, 12:23-25, attached as Exh. T to Kottke Decl.]. The ruling, combined with the arbitrator's denial of the motions to compel was grossly unfair.

To that end, Lindsey opposed the summary judgment with reports from Caucasian employees that they were obtaining raises when Lindsey was not, as stated in Lindsey's responses to Form Interrogatories. 2-ER 391-395 [Plaintiff's Responses to Form Interrogatories-General, 5:26 – 6:2, attached as Exh. A to Kottke Decl.]. Also, he showed that in 2015 he was paid $30,000-$40,000 less than other adjusters. 2-ER 391-395 [Plaintiff's Response to Form Interrogatories, 6:5-8, attached as Exh. A to Kottke Decl.]. Further, Mr. Lindsey showed that he had received only one merit raise when a Caucasian had received three. 2-ER 443-447 [Deposition of David Gosney, 34:7-22, attached as Exhibit L to Kottke Decl.]. But Appellants blocked, with the support of the arbitrator's rulings on the motions to compel, the direct evidence Lindsey had sought from Appellants, namely, the actual salary data to corroborate his claims. As a result, the arbitrator denied Lindsey the access to the very evidence needed, and then ruled against Lindsey on the summary judgment motion.

     D. <u>Arbitrator's Award for Appellants; Lindsey's Petition to Vacate Award</u>

Following the order granting the motion for summary judgment, the arbitrator entered a final award for Appellants. Appellant's Record 5:26-27; 2-ER 497-506 [Final Award, attached as Exh. W to Kottke Decl.].

On April 19, 2021, Lindsey filed his Petition to Vacate the Award. Appellant's Record 4:1-3. The motion was limited to the ninth cause of action, and argued the arbitrator refused "to hear evidence pertinent and material to the controversy." *Id*.; 2-ER 378-387 [Petition to Vacate Award].

On June 4, 2021, Appellants filed their opposition. Appellee's Record Volumes 1 and 2, as indicated, 1-ER 8 through 2-ER 377 [Opposition].

On June 11, 2021, Appellants filed their reply. 1-ER 2-7 [Reply].

On April 1, 2023, the district court issued its Order granting Appellee's petition and vacating the arbitration award. Appellants' Record 4-11.

## SUMMARY OF THE ARGUMENT

The arbitrator's grant of summary judgment based on the lack of the very evidence the arbitrator refused to compel was procedurally unfair, and, as such, the arbitration award should be vacated. 9 U.S.C. § 10(a)(3) (an award should be vacated "where the arbitrators are guilty of misconduct … in refusing to hear evidence pertinent and material to the controversy." Thus, the district court's order vacating the arbitration award should be affirmed.

## STANDARD OF REVIEW

The review standard is de novo. *New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501 F.3d 1101, 1105 (9th Cir. 2007).

The often-cited general rules for a court's review of an arbitrator's award state the review "is both limited and highly deferential." *Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 730 (9th Cir. 2006), quoting *Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004).

In considering a claim for misconduct or misbehavior under 9 U.S.C. § 10(a)(3), the court must ask "whether parties received a fundamentally fair hearing." *Move, Inc. v. Citigroup Global Markets, Inc.*, 840 F.3d 1152, 1158 (9th Cir. 2016).

In judging fairness, a hearing is fundamentally unfair if the arbitrator's procedure was a "sham, substantially inadequate or substantially unavailable." *Fed. Deposit Ins. Corp. v. Air Fla Sys., Inc.*, 822 F.2d 833, 842 (9th Cir. 1987) (citations and quotation marks omitted). On the other hand, "[a] hearing is fundamentally fair if the minimal requirements of fairness – adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator are met." *Carpenters 46 N. Cal. Counties Conference Bd. v. Zcon Builders*, 96 F.3d 410, 413 (9th Cir. 1996).

These general rules extend to an arbitrator's evidentiary decisions. *See e.g. U.S. Life Inc v. Superior Nat'l Ins. Co.,* 591 F.3d 1167, 1175 (9th Cir. 2010). However, where the arbitrator refuses to hear evidence pertinent and material to the controversy, that is misconduct. 9 U.SC. § 10(a)(3). If "procedural aberrations rise to the level of affirmative misconduct," the court may not settle the merits itself. *United Paperworkers Int'l Untion, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 40 n. 10 (1987). "Instead, the court should simply vacate the award, thus leaving open the possibility of further proceedings if they are permitted under the terms of the agreement." *Id.*

## ARGUMENT

I.     The Arbitration Was Procedurally Unfair

       A. Statutory Authority

The Federal Arbitration Act sets forth the means to confirm or vacate an arbitration award. Namely, pursuant to the provisions of 9 U.S.C. § 9, a federal district court "must confirm an arbitration award unless it is vacated, modified or corrected as prescribed in §§ 10 and 11." *Hall Street Assocs., LLC v. Mattell, Inc.* 552 U.S. 576, 582 (2008) (citations and quotation marks omitted). Section 10 lists grounds to vacate an award, and Section 11 lists grounds to modify or correct an award. *Id.* "The only grounds for vacating an arbitration award are, as a result, those listed in § 10." *U.S. Life, supra*, 591 F.3d at 1173.

Relevant here, and as relied on by the district court to support the order vacating the arbitration award, Section 10 permits a district court to vacate an arbitration award "where the arbitrators are guilty of misconduct … in refusing to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3).

### B. Excluding Discovery, Then Ruling on the Merits Based on that Exclusion, Violates Section 10(a)(3)

As cited by the district court, case law is illustrative of the types of situations where an arbitrator's refusals to hear evidence run afoul of §10(a)(3). Specifically, such misconduct is present where the arbitrator refuses to admit evidence, but then later finds against the party when that evidence would have supported their claims. *Gulf Coast Industries Workers Union v. Exxon Co. USA*, 70 F.3d 847 (5th Cir. 1995); *Hotels Condado Beach, LaConcha & Convention Center v. Union de Tronquistas Local 901*, 763 F.2d 34 (1st Cir. 1984); *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16 (2nd Cir. 1997).

To that end, in *Gulf Coast*, an employment dispute, the employer had hired an inspector to search for drugs in its refinery. The employee was responsible for the handling of "highly volatile gasses and liquids and high temperatures and pressures." *Gulf Coast*, 70 F.3d at 848. In a search of employee's car, the employer's inspector found marijuana, and company asked for a drug test, but the employee refused the drug test. Company then fired employee. 70 F.3d at 849. The

employee sued for employment claims, resulting in an arbitration. During the arbitration, the employer attempted to introduce test results showing the substance found in the employee's car was actually marijuana, but the arbitrator said that was not necessary and that "it was already in evidence." *Id.* The arbitrator issued an award against the employer, ordering the employer to reinstate the employee, finding the employer had not proven the inspector had found marijuana. Indeed, the arbitrator spent five pages of his decision on the unreliability of hearsay. *Id.* The employer sought to vacate the award, and the court vacated the award under §10(a)(3) on the basis that the evidence the arbitrator did not consider was the non-hearsay evidence that the substance in the employee's car was marijuana, and that the arbitrator's finding there was no evidence on that issue constituted misconduct. *Id.*

Further, in *Hoteles Condado Beach, et al.*, also an employment dispute, a male employee had been fired after a female guest claimed he had exposed himself to her. Later the employee was convicted on charges of indecent exposure, but that conviction was reversed on appeal. 763 F.2d 34. An employment arbitration followed, and the female guest agreed to testify in the arbitration, but only if her husband could be present when she testified. *Id.*, at 36-37. The arbitrator denied her request, so the wife refused to testify. *Id.*, at 37. The arbitrator permitted the hotel-employer to introduce a transcript of the couple's testimony from the

criminal case, but then the arbitrator refused to give the transcript any weight in the decision and found in employee's favor. *Id.*, at 40. That constituted misconduct because "[t]he testimony was unquestionably relevant," and "no other evidence was available to substantiate or to refute Company's charges." *Id.*

In *Tempo Shain Corp., supra*, a contract dispute, a witness who had "crucial testimony" was temporarily unavailable due to a family medical issue." 120 F.3d at 1-18. The arbitration panel decided to proceed without the witness and not to wait until the witness was available and that it would consider several letters and reports instead. *Id.*, at 18, 20. However, those letters and reports were "not at all representative" of what the witness would likely have said if he could have testified about the contract and the negotiations. *Id.* at 20. Again, based on the failure to consider the testimony, the panel's decision was found to constitute misconduct under § 10(a)(3).

    C.   <u>In the Instant Case, Because the Arbitrator Failed to Consider the Actual Pay Documents and Did Not Order Their Production, the Arbitrator's Finding of Lack of Evidence of Discrimination is Misconduct</u>

Here, the arbitrator denied Lindsey's motion to compel pay data of the Caucasian employees in Lindsey's department, finding salary data to be irrelevant. Appellants' Record, 5:23-25. As such, Lindsey had no such pay data. *Id.*

Afterwards, Appellants moved for summary judgment, including as to the
ninth claim, on the grounds that Lindsey had no evidence to prove Appellants'
employees who were not African American had been treated more favorably with
respect to pay. Appellants' Record, 5: 27-28; 2-ER 133-134 [ruling on motion for
summary judgment, internal pages 12 and 13]**.**

While Appellants' motion for summary judgment was pending, Lindsey
again moved to compel the production of information from Appellants about what
Appellants had paid to its other employees. 2-ER 180-184 [Motion to Compel,
Attached as Exh. R to Kottke Decl.].

Lindsey opposed the motion for summary judgment with facts that were also
relevant to the latter motion to compel to show relevance of the pay records.
Lindsey's facts included his statement that he had spoken to a manager about his
pay before he had left the company, and the manager had told him he was making
about $30,000 to $40,000 less than Caucasian employees with similar or less
experience than Lindsey's. 2-ER 180-184 [Motion to compel, attached as Exh. R to
the Kottke Decl]; 2-ER 102-106 [Plaintiff's Response to Form Interrogatories, 6:5-
8, attached as Exh. A to Kottke Decl.]. Further, Mr. Lindsey showed that he had
received only one merit raise when a Caucasian had received three. 2-ER 154-158
[Deposition of David Gosney, 34:7-22, attached as Exhibit L to Kottke Decl.].
However, Appellants blocked, with the support of the arbitrator's rulings on the

motions to compel, the direct evidence Lindsey had sought from Appellants, namely, the actual salary data to corroborate his claims. As a result, the arbitrator denied Lindsey access to the very evidence needed, and then ruled against Lindsey on the summary judgment motion. 2-ER 187-200 [Ruling on Summary Judgment, attached as Exh. T to the Kottke Decl.]

As to the disputed ninth claim for discrimination, the arbitrator concluded Lindsey had not cited evidence to show "race was even a factor" in Appellants' pay and promotional decisions. *Id.*, at internal page 12. According to the arbitrator, Lindsey had relied solely "on his uncorroborated opinion that his race was a reason he did not receive the promotions." *Id*. Nor had he offered evidence "to support his allegation that race was even a favor in compensation." *Id.* In conclusion, the arbitrator emphasized again that Lindsey's "subjective belief that his race was a reason he did not receive a raise is insufficient to raise a triable issue." *Id*.

Then, after ruling against Lindsay and in favor of Appellants on summary judgment, the arbitrator denied Lindsey's motion to compel as to the Document Request, Set Two and Special Interrogatories, Set Two, each of which sought Appellants' employee pay data. 2-ER 196 [Case Management Order No. 5, attached as Exh. S to Kottke Decl.]. According to the arbitrator, the motion to compel was moot because summary judgment had been granted. *Id.*

The arbitrator denied Lindsey the very evidence, namely Appellant's actual pay records, the arbitrator later faulted Lindsey for not producing in the opposition to the summary judgment. Such decision regarding failure to consider and allow evidence rendered the arbitration proceedings procedurally unfair. *Gulf Coast Industries Workers Union v. Exxon Co. USA*, 70 F.3d 847 (5th Cir. 1995); *Hotels Condado Beach, LaConcha & Convention Center v. Union de Tronquistas Local 901*, 763 763 F.2d 34 (1st Cr., 1984); *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16 (2nd Dir. 1997).

In their opening brief, Appellants cite to general rules regarding Section 10(a)(3) rather than specific fact patterns, arguing that to obtain vacatur the arbitrator must have affirmatively committed misconduct by depriving Lindsey of the opportunity to present his side. Appellants argue Lindsey was allowed to present his side on the merits, and further was allowed to present his side as to what Appellants term a "run-of-the-mill" discovery dispute. Appellants' citations to the general rules, however, do not support that conclusion. Additionally, Appellants only factual case example, *Acryon Labs, Inc. v. Datron World Communications, Inc.* 2020 U.S. Dist. LEXIS 37459, at *13-14 (S.D. Cal. Mar. 4, 2020) is inapposite. Specifically, in *Acryon*, the losing party after an arbitration complained it had requested discovery that it had not obtained; however, there, the arbitrator considered a motion to compel and granted that motion, compelling

many requests and finding other requests duplicative. On the arbitration-losing party's motion under section 10(a)(3), the court held that the arbitration-losing party had full opportunity to present its case. In that case, however, there was not evidence that was excluded which directly related to the arbitrator's later finding on the merits.

To the contrary, this case is factually the same as the situations in the case examples Lindsey presents where the arbitrator refused to consider the only evidence a party offered to support a crucial aspect of its case. Namely, in *Gulf Coast*, the evidence was the company's test results that it found drugs in its employee's car to support employer's claims that the employee had drugs. *See* 70 F.3d at 849-50. In *Hotels Condado*, the evidence was the only testimony that could have proven or refuted the hotel's claim that its employee had exposed himself to a guest. *See* 763 F.2d at 40. In *Tempo Shain*, the evidence was crucial testimony about the disputed negotiations and contact. *See* 120 F.3d at 18-20. In this case, it was evidence that Appellants had paid Lindsey less than Appellants' other employees that resulted in the award to Appellants finding Lindsey had no evidence of difference in pay. The very direct correlation between the evidence the arbitrator did not consider in the precedent cases and in this case, as compared to the ruling finding there was not such evidence in each, establishes the high hurdle to overcome the presumption of confirming awards and to find misconduct.

Based on the above, the district court's order vacating the award should be affirmed.

II.    The Evidence Lindsey Sought Was Relevant to His Ninth Claim and the Arbitrator's Failure to Consider Such Evidence Prejudiced Lindsey

Appellants argue that the pay data Lindsey sought was not relevant, making two arguments. First, Appellants argue the evidence of different pay data does not show a disparate treatment claim so the arbitrator's failure to consider the evidence did not prejudice Lindsey. Second, Appellants argue Federal Rule of Civil Procedure section 26(b)(1) does not apply.

Preliminarily, Rule 26(b)(1) allows the discovery of all nonprivileged matter that is relevant to any of the party's claim or defense. The rule also requires consideration of the party's relative access to the relevant information. Fed. R. Civ. P. 26(b)(1). Here, it was impossible for Lindsey to acquire the pay data without Appellants producing it.

Second, the pay data was directly relevant to Lindsey's ninth claim, as is shown by the grant of summary judgment based on Lindsey not having such information. Further, any differences between Lindsey's compensation and the compensation Appellants paid to its similarly qualified Caucasian employees would corroborate Lindsey's claim for disparate treatment in circumstances suggestive of discrimination, supporting his prima facie case. *See Guz v. Bechtel*

*Nat. Inc.*, 24 Cal.4th 317, 354 n. 20 (2000). Statistical disparities between salaries also could prove a facially neutral policy had a "disproportionate adverse effect," *id*., and thus could have supported a disparate impact claim. *See Jumaane v. City of Los Angeles* 241 Cal.App.4th 1390, 1404-05 (2005).

As such, the pay data evidence was highly relevant, and Lindsey was prejudiced by the lack of this evidence, resulting in the grant of summary judgment on the basis that Lindsey had no direct evidence of the differences in pay. Based thereon, the district court was correct in vacating the arbitration award pursuant to 9 U.S.C. § 10(a)(3).

## CONCLUSION

For the foregoing reasons, the order of the district court vacating the arbitration award should be affirmed.

Dated:  June 9, 2023              **LIPELES LAW GROUP, APC**

                                  By: _/s/ Andrew T. Magaline_____
                                  Kevin A. Lipeles
                                  Thomas H. Schelly
                                  Andrew T. Magaline

                                  *Attorneys for Plaintiff-Appellee*
                                  *Brent Lindsey*

## UNITED STATES COURT OF APPEAL
## FOR THE NINTH CIRCUIT

Form 8. Certificate of Compliance for Briefs.

9th Cir. Case Number(s): No. 22-16795

     I am the attorney or self-represented party.

     This brief contains **4,504** words, excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

     I certify that this brief (*select only one*):

[X] complies with the word limit of Cr. R. 32-1.

[ ] is a cross-appeal brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an amicus brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R 29-2(c)(3).

[ ] is for a death penalty case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because (*select only one*):

     [ ] it is a joint brief submitted by separately represented parties;

     [ ] a party or parties are filing a single brief in response to multiple briefs; or

     [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a)


Signature:___/s/Andrew T. Magaline_____Date: ___6/9/2023_____

22