No. 22-16795

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

BRENT LINDSEY,

*Plaintiff-Appellee*,

v.

TRAVELERS COMMERCIAL INSURANCE COMPANY, ET AL.,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Eastern District of California
No. 2:19-cv-01855-KJM-CKD
Hon. Kimber J. Mueller

## APPELLANTS' REPLY BRIEF

NILAN JOHNSON LEWIS PA

By: s/ *Christopher T. Ruska*
    Joel Andersen (MN352573)
    Christopher T. Ruska (MN0401745)
    250 Marquette Avenue South, Suite 800
    Minneapolis, Minnesota 55401
    Telephone: (612) 305-7500
    Fax: (612) 305-7501
    jandersen@nilanjohnson.com
    cruska@nilanjohnson.com

ATTORNEYS FOR DEFENDANTS-
APPELLANTS

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................ iii

ARGUMENT ..............................................................................................1

    I.    False Premise #1: the other employees' compensation information would have actually shown Appellants paid Lindsey less than other similarly situated employees ...........................................................2

    II.    False Premise #2: Arbitrator Freedman faulted Lindsey and ruled against him specifically because he did not introduce into evidence the same employee compensation information Arbitrator Freedman denied him from seeking .....................................................................4

    III.    Lindsey Does not Meaningfully Address Most of Appellants' Arguments ......................................................................................9

CONCLUSION .........................................................................................10

FORM 8. CERTIFICATE OF COMPLIANCE FOR BRIEFS ..............................12

# TABLE OF AUTHORITIES

**Cases**                                                **Page(s)**

*Century Indem. Co. v. Certain Underwriters at Lloyd's,*
584 F.3d 513 (3d Cir. 2009) .......................................................... 3

*Gulf Coast Industrial Workers Union v. Exxon Co., USA,*
70 F.3d 847 (5th Cir. 1995) ........................................................ 5, 6

*Hoteles Condado Beach, La Concha & Convention Center v. Union de Tronquistas Local 901,*
763 F.2d 34 (1st Cir. 1985) ......................................................... 6, 7

*Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,*
364 F.3d 274 (5th Cir. 2004) ........................................................... 6

*LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.,*
957 F.3d 943 (9th Cir. 2020) .......................................................... 10

*Mining Co. v. United Steelworkers of Am.,*
823 F.2d 1289 (9th Cir. 1987) .......................................................... 6

*Morgan Keegan & Co. v. Grant,*
497 F. App'x 715 (9th Cir. 2012) ...................................................... 5

*OJSC Ukrnafta v. Carpatsky Petro. Corp.,*
957 F.3d 487 (5th Cir. 2020) ........................................................... 7

*Tempo Shain Corp. v. Bertek, Inc.,*
120 F.3d 16 (2d Cir. 1997) ............................................................. 8

*United Paperworkers Int'l Union v. Misco, Inc.,*
484 U.S. 29 (1987) ...................................................................... 3

*United States Life Ins. Co. v. Superior Nat'l Ins. Co.,*
591 F.3d 1167 (9th Cir. 2010) .......................................................... 5

*United States v. SF Green Clean, LLC,*
2014 U.S. Dist. LEXIS 110058 (N.D. Cal. Aug. 8, 2014) ........................... 6

**Statutes**

FAA § 10(a)(3) ............................................................................ 6

# ARGUMENT

Lindsey's arguments require two assumptions to be true ("Lindsey Br."). First, it requires an assumption that the other employees' compensation information would have shown Appellants paid Lindsey less than other similarly situated employees. Second, it requires an assumption that Arbitrator Freedman faulted Lindsey and ruled against him on his failure-to-promote claim specifically because Lindsey did not introduce into evidence the same employee compensation information Arbitrator Freedman denied him from seeking.

Neither assumption warrants affirmance. Lindsey introduced no credible evidence at the arbitration that the employee compensation information he sought in discovery would have shown Appellants paid him less than others; he instead only speculates it is so. Lindsey also misconstrues Arbitrator Freedman's summary judgment decision. Nowhere does Arbitrator Freedman state his ruling depended on facts about other employees' salaries. Because of these two reasons, among all the other arguments in Appellants' opening brief, the Court should reject Lindsey's argument and conclude Arbitrator Freedman's procedural discovery and evidentiary decision adverse to Lindsey did not provide grounds for the district court to vacate the arbitration award (the "Award") granting Appellants summary judgment on Lindsey's employment discrimination claims. The Court, therefore, should reverse the district court order vacating the Award.

I.    FALSE PREMISE #1: THE OTHER EMPLOYEES' COMPENSATION
      INFORMATION WOULD HAVE ACTUALLY SHOWN APPELLANTS
      PAID LINDSEY LESS THAN OTHER SIMILARLY SITUATED
      EMPLOYEES

      Lindsey is wrong to suggest the other employees' compensation information

"was evidence Appellants had paid Lindsey less than Appellants' other employees"

and that it was "the only evidence" he could have "offered to support a crucial

aspect of [his] case."  Lindsey Br. 17, 19.  These assertions have no record support.

      To start, Arbitrator Freedman correctly concluded the other employees'

compensation information was irrelevant to Lindsey's disparate treatment claim

based on his race, alleged disability, and national origin.  Lindsey's compensation

allegation was directly tied to his supposed failure to obtain promotions—a

concept with which Lindsey fails to grapple.  Lindsey's Complaint asserted no

alleged facts about his compensation other than to assert under his Failure to

Promote Ninth Cause of Action that he "was denied promotions and raises, on the

basis of race and national origin discrimination and on the basis that Plaintiff

complained" about his alleged discrimination.[1]  ER-150.  Lindsey similarly fails to

accept he never pursued a disparate impact discrimination theory, a fact

Arbitrator Freedman found during the discovery dispute.  ER-14.

---

[1] Notably, Lindsey limited his vacatur motion to only his Ninth Cause of Action.
ER- 6.

2

Even setting aside Arbitrator Freedman's relevancy determination—an evidentiary decision squarely within his authority and which is nearly unassailable, *see United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 40 (1987); *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 557 (3d Cir. 2009)—Lindsey wrongly assumes the other employees' compensation information would have shown his disparate treatment. Lindsey failed to bolster this assertion by, for example, introducing some credible evidence through sworn testimony of those mystery "other Caucasian adjusters" whom Lindsey had speculated were similarly situated. *See* ER-69-50 (identifying in response to an interrogatory "other Caucasian adjusters" who "received raises without spectacular performance records or being [a] top adjuster"). He instead lost his gamble that his self-serving statements would be sufficient.[2] As a result, Arbitrator Freedman correctly concluded Lindsey did "not describe any facts to support his allegation that his race was a factor" in him failing to receive a promotion, "rest[ed] on . . . uncorroborated opinion that his race was a reason he did not receive the positions", did not introduce evidence "describ[ing] a time when he should have

---

[2] The record showing Lindsey received salary raises in January 2012, October 2012, March 2015, October 2015, and April 2018 likely did not help his case in trying to prove his failure-to-promote claim alleging he was denied promotions and raises because of his race and national origin—facts Lindsey did not dispute below nor does he dispute on appeal.

received a raise but did not or show any facts to support his allegation that race was ever a factor in his compensation", and his "subjective belief that his race was a reason he did not receive a raise is insufficient to raise a triable issue." ER-129.

II.     **FALSE PREMISE #2: ARBITRATOR FREEDMAN FAULTED LINDSEY AND RULED AGAINST HIM SPECIFICALLY BECAUSE HE DID NOT INTRODUCE INTO EVIDENCE THE SAME EMPLOYEE COMPENSATION INFORMATION ARBITRATOR FREEDMAN DENIED HIM FROM SEEKING**

Arbitrator Freedman's summary judgment decision does not support Lindsey's assertion that "[t]he arbitrator denied Lindsey the very evidence, namely Appellant's actual pay records, the arbitrator later faulted Lindsey for not producing in the opposition to the summary judgment." Lindsey Br. 18. As already explained *supra*, Arbitrator Freedman found many fatal flaws in Lindsey's claim he was denied promotions and raises due to his race and national origin. *See* ER-129-30. Nowhere did Arbitrator Freedman "fault Lindsey" for not introducing the other employees' compensation information. Arbitrator Freedman simply observed Lindsey failed to prove with credible evidence that Appellants denied him a promotion or raise and that his race or national origin were substantial motivating reasons for those decisions. The other employees' compensation information would not have fixed the glaring deficiencies in Lindsey's case. *See*, *e.g.*, *supra*; App. Br. 28.

The cases Lindsey cites are completely inapposite. Even worse, Lindsey offers no new arguments or analysis on appeal for the three "factually similar" cases to which he cites; he instead recycles the same assertions the district court made. *Compare* Lindsey Br. 18 *with* ER-10.

To begin, there is no comparison between the active arbitral misconduct in *Gulf Coast Industrial Workers Union v. Exxon Co., USA*, 70 F.3d 847 (5th Cir. 1995), and Arbitrator Freedman's well-reasoned decision. The arbitrator in *Gulf Coast* refused to hear a party's evidence by affirmatively misleading a party into believing that evidence was admitted, but then ruled against the party because it failed to present evidence on the very point to which the excluded evidence was central. *Id.* at 849-50 ("[N]ot only did the arbitrator refuse to consider evidence of the positive drug test, he prevented Exxon from presenting additional evidence by misleading it into believing that the SAR had been admitted as a business record. Exxon attempted to establish the SAR as a business record, but the arbitrator stopped it, stating that the test was already admitted."); *see also Morgan Keegan & Co. v. Grant*, 497 F. App'x 715, 716 (9th Cir. 2012) (observing that in *Gulf Coast*, the arbitrator "literally refused to hear a party's evidence"); *United States Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1175 (9th Cir. 2010) (observing that in *Gulf Coast*, "the arbitrator misled a party into believing that evidence was admitted, but then ruled against the party because it failed to present evidence on the very point to which

the excluded evidence was central"); *United States v. SF Green Clean, LLC*, 2014 U.S.

Dist. LEXIS 110058, at *18 (N.D. Cal. Aug. 8, 2014) (same).

Arbitrator Freedman did no such thing. He made no explicit reference that

the other employees' compensation information would have aided Lindsey's case.

In fact, Arbitrator Freedman concluded the opposite, determining general

comparative salary data was irrelevant, and that under Lindsey's disparate

treatment claims, he offered no foundational facts for why any other employee's

compensation was relevant.[3] ER-14. The FAA § 10(a)(3) is meant to apply only to

cases when an arbitrator, to a party's prejudice, rejects consideration of *relevant*

evidence *essential* to the adjudication of a *fundamental* issue in dispute, and the party

would otherwise be deprived of sufficient opportunity to present proof of a claim

or defense. *See Mining Co. v. United Steelworkers of Am.*, 823 F.2d 1289, 1295 (9th Cir.

1987). Unlike in *Gulf Coast*, none of those issues exist here.

*Hoteles Condado Beach, La Concha & Convention Center v. Union de Tronquistas Local

901*, 763 F.2d 34 (1st Cir. 1985), fares no better because the arbitrator there "denied

the [party] an opportunity to present *any evidence in the arbitration proceeding*." *Id.* at

40 (emphasis added); *see also Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak*

---

[3] Lindsey tacitly agrees, as he offers no rebuttal to Appellants' arguments on the
difference between the failure-to-promote disparate treatment claim he alleged
versus a disparate impact of wages claim he did not allege. App. Br. 27-30 & n.4.

*Dan Gas Bumi Negara*, 364 F.3d 274, 302 (5th Cir. 2004) (observing that in *Hoteles Condado Beach*, "the court vacated an award because the arbitral panel refused to give any weight to the only evidence available to the losing party"); *OJSC Ukrnafta v. Carpatsky Petro. Corp.*, 957 F.3d 487, 499 (5th Cir. 2020) (same). Due to the unique circumstances where no live testimony was available and the arbitrator refused to give weight to a different proceeding's trial transcript he received into evidence, the court found "no other evidence was available to substantiate or to refute the Company's charges." *Hoteles Condado Beach*, 763 F.3d at 40. Thus, the court concluded "[t]he evidence effectively excluded by the arbitrator was both 'central and decisive' to the Company's position" that was "so destructive of the Company's right to present its case, that it warrants the setting aside of the arbitration award." *Id.* (quotations omitted and cleaned up).

The circumstances in *Hoteles Condado Beach* are again nothing like Arbitrator Freedman's well-reasoned decision. Lindsey engaged in extensive discovery, obtaining from Appellants over 1,300 pages of documents, and he took multiple depositions. Lindsey had a full and fair opportunity to discover and present evidence material to his disparate treatment claim or, at the very least, proffer or discover foundational facts for why any other employee's compensation was relevant. But he did not. *Hoteles Condado Beach* therefore does not apply.

Finally, *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16 (2d Cir. 1997), is an inapt comparison because the arbitral panel failed to give any weight to the only evidence available to the losing party. In that case, an essential witness was detained from attending the hearing due to his wife's sudden illness. *Id.* at 20. When such a medical emergency, completely unforeseen, temporarily detained an important witness, the court determined it was reversible error to fail to postpone an arbitration hearing. *Id.* The witness was essential because he would have testified to facts only he could have known and not addressed by documents in evidence. Those exceptional circumstances led the Second Circuit to conclude the losing party did not receive a fundamentally fair hearing. *Id.* at 21.

There is nothing exceptional here like the circumstances in *Tempo Shain*. Lindsey failed to develop a record in discovery that other employees' compensation information would show disparate treatment, unlike the situation in *Tempo Shain* where the record showed exactly what the missing relevant and essential evidence would have shown on a fundamental issue.

In all, Lindsey simply lost a discovery dispute in arbitration by failing to show why other employees' compensation information was relevant to his failure-to-promote claim, and he is now seeking reconsideration of that discovery dispute through the federal courts. Affirming the district court's vacatur order would be

approving such tactics for future parties, which flouts the federal policy for creating the FAA in the first place. *See* App. Br. 11-15.

## III. LINDSEY DOES NOT MEANINGFULLY ADDRESS MOST OF APPELLANTS' ARGUMENTS

Finally, it is notable what Lindsey *does not* argue in opposition. The most glaring omissions include:

- Lindsey not explaining what "general rules" with which he takes issue and why those "general rules" are wrong or should otherwise not apply here, *see* Lindsey Br. 18-21;

- Lindsey not disagreeing that the standard for vacating an arbitration award requires Arbitrator Freedman to have acted with affirmative misconduct, *compare* App. Br. 15-19, *with* Lindsey Br. 12-21;

- Lindsey not disagreeing that Arbitrator Freedman's discovery and evidentiary rulings are almost unassailable when a party, like Lindsey, had the opportunity to be heard, c*ompare* App. Br. 16, *with* Lindsey Br. 12-21.

- Lindsey not disagreeing with Appellants' illustrations of an arbitrator's wide discretion in procedural discovery and evidentiary rulings and how those principles apply here, *compare* App. Br. 20-22, *with* Lindsey Br. 12-21; and

- Lindsey not disputing Appellants' arguments that other employees' compensation information is irrelevant in a disparate treatment claim because that information does not speak to whether the employee bringing the claim has faced discriminatory treatment, *compare* App. Br. 28, *with* Lindsey Br. 12-21.

Lindsey concedes these points in failing to respond. *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 950 (9th Cir. 2020) ("Failure to respond meaningfully in an answering brief to an appellee's argument waives any point to the contrary.").

## CONCLUSION

Lindsey fails to meaningfully address most of the arguments Appellants made in their opening brief, and those he does address, he does by relying on inapposite case law. This Court should reverse the district court's order vacating the Award, and in doing so should order the district court to confirm the Award.

Date: June 30, 2023

NILAN JOHNSON LEWIS PA

By: s/ *Christopher T. Ruska*

Joel Andersen (MN352573)
Christopher T. Ruska (MN0401745)
250 Marquette Avenue South, Suite 800
Minneapolis, Minnesota 55401
Telephone: (612) 305-7500
Fax: (612) 305-7501
jandersen@nilanjohnson.com
cruska@nilanjohnson.com

ATTORNEYS FOR DEFENDANTS-
APPELLANTS TRAVELERS COMMERCIAL
INSURANCE COMPANY, ET AL.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** _No. 22-16795

I am the attorney or self-represented party.

**This brief contains 2,143 words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ X ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties;
    [ ] a party or parties are filing a single brief in response to multiple briefs; or
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** _s/Christopher T. Ruska_      **Date:** June 30, 2023

12